Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 870 | **DATE** | 8/28/2003 |
| **CASE TITLE** | Garland Office, LLC vs. Syms Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss [8-1] is denied. Defendant is directed to answer the amended complaint by 9/22/03. Status hearing is set on 10/20/03 at 9:30 a.m. for scheduling conference.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 29 2003 date docketed | 14 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 8/28/2003 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| MD | courtroom deputy's initials | 03 AUG 28 PM 5:37 Date/time received in central Clerk's Office 03 | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GARLAND OFFICE L.L.C., | ) |
| Plaintiff, | ) |
| vs. | ) No. 03 C 0870 |
| | ) Judge Joan H. Lefkow |
| SYMS CORPORATION, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is the first amended complaint of plaintiff, Garland Office L.L.C. ("Garland"), against defendant, Syms Corporation ("Syms"), seeking to recover rent owed by Syms to Garland. Garland also seeks a declaratory judgment that Syms is obligated to honor all financial obligations pursuant to the terms of a lease agreed to by the parties. Syms has moved under Rule 12(b)(6), Fed. R. Civ. P., to dismiss Garland's first amended complaint for failure to state a claim upon which relief may be granted. Garland is an Illinois limited liability company. Its members are citizens of Illinois, Wisconsin, Connecticut and North Carolina. Syms is a New Jersey corporation with its principal place of business in Secaucus, New Jersey. The amount in controversy exceeds $75,000. The court, therefore, has jurisdiction over the claims under 28 U.S.C. § 1332(a)(1). For the reasons set forth below, the motion is denied.

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).

Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no facts in support of its claim that would entitle it to relief. *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy* v. *Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002); *Jackson* v. *E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999).

## ALLEGATIONS OF THE COMPLAINT

According to Garland's first amended complaint, which is taken as true for purposes of this motion, in September 2002 Syms abandoned property at 111 North Wabash Avenue in Chicago, Illinois prior to the expiration of a lease entered into between the parties. The lease was executed on July 13, 1998, and was due to run from September 1, 1998, through December 31, 2011. (Am. Compl. ¶¶ 1, 6.) Garland alleges that Syms has not paid rent since September 2002 and owes $424,397 in unpaid rent and actual and estimated real estate taxes. (*Id.*)

Section 21 of the lease provides that Syms's failure to pay rent or any amounts due under the lease within 10 days after they become due constitutes default. (Am Compl. Ex. A, § 21.01(c).) Moreover, under Section 18 of the lease, abandonment of the premises also constitutes default. (*Id.* at § 18.) Garland alleges that based on Section 21, Syms is in default under the lease and has breached the contract between the parties due to both its failure to pay rent and its abandonment of the premises. (Am. Compl. ¶ 11.)

2

## DISCUSSION

Syms argues that Garland's first amended complaint should be dismissed because Garland (1) sued under an improper provision of the lease; (2) failed to plead mitigation of damages; and (3) improperly seeks a declaratory judgment.

### A.   Improper Provision of the Lease

Syms argues that Count I is inconsistent with Section 21.06 of the lease, what Syms characterizes as the applicable lease provision.[1] In support of its argument, Syms cites to *St. George Chicago, Inc.* v. *George J. Murges & Assocs.*, 296 Ill. App. 3d 285, 288, 695 N.E. 2d 503, 505 (1998). As the court noted in *St. George*, Illinois law requires that "a landlord or his or her agent . . . take reasonable measures to mitigate the damages recoverable against a defaulting lessee." *Id.* at 290, 695 N.E. 2d 506, quoting 735 ILCS 5/9-213.1. The court in *St. George* examined a lease provision virtually identical to Section 21.06 of the lease in this case (which was also called Section 21.06 of the lease in *St. George*). The court found that Section 21.06

---

[1]The court may examine the lease on this motion to dismiss because it is attached to Garland's first amended complaint. *Tierney* v. *Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). Section 21.06 of the lease provides,

> In the event of the termination of this Lease by Landlord as provided for by subparagraph (a) of Section 21.02 or otherwise, Landlord shall be entitled to recover from Tenant all Rent accrued and unpaid for the period up to and including such termination date, as well as all other additional sums payable by Tenant hereunder. In addition, Landlord shall be entitled to recover, as damages for loss of the benefit of its bargain and not as a penalty, the sum of (x) the unamortized cost to Landlord, computed and determined in accordance with generally accepted accounting principles, of any tenant improvements provided by Landlord at its expense, cash allowances and other concessions provided by Landlord, (y) the aggregate sum which at time of such termination represents the excess, if any, of the present value of the aggregate Rent at the same annual rate of the remainder of the Term as then in effect over the then present value of the then aggregate fair rental value of the Premises for the balance of the Term, immediately prior to such termination, such present worth to be computed in each case on the basis of a six percent (6%) per annum discount from the respective dates upon which rentals would have been payable hereunder had the Term not been terminated, and (z) any damages in addition thereto, including reasonable attorneys' fees and court costs, which Landlord shall have sustained in its collection efforts or by reason of the breach of any of the covenants of this Lease other than for the payment of Rent.

3

satisfied the plaintiff's statutory duty to mitigate damages because it "limit[s] plaintiff's claim for lost rent to the excess, if any, of the lease rate over the market rate for the unexpired lease term." *Id.* at 291, 695 N.E. 2d at 507. Thus, the provision accomplished the statutory purpose of mitigation of damages and plaintiff's actual mitigation efforts were "irrelevant and should not have been at issue at trial." *Id.* at 291, 695 N.E. 2d at 508. The court specifically found Section 21.06 applicable when "the landlord has terminated the lease following the tenant's abandonment of the premises." *Id.*

Even though the procedural posture of this case as compared to *St. George* is entirely different,[2] Syms argues that Section 21.06 is applicable here and the failure to plead in conformity with the reasoning of *St. George* necessitates dismissal. Syms asserts that Garland "has failed to plead any of the elements required by Section 21.06 of the Lease," although it does not identify what those elements would be or why they would be required under federal notice pleading standards.

Garland, in response, argues that *St. George* applies only in situations where a landlord terminates a lease, which Garland claims it has not done here. Instead, Garland claims that Section 21.02 of the lease provides three "distinct, separate and cumulative" remedies in cases of default listed as follows,

> (a) Landlord may terminate this Lease by giving Tenant notice of the Landlord's intention to do so, in which event the Term shall end, and all right, title and interest of Tenant hereunder shall expire, on the date stated in such notice;
> (b) Landlord may terminate the right to Tenant to possession of the Premises without terminating this Lease by giving notice to Tenant that Tenant's right of

---

[2] In *St. George* the plaintiff made a pre-trial motion for summary determination that Section 21.06 satisfied its duty to mitigate rather than having to offer evidence on mitigation of damages. *St. George*, 296 Ill. App. 3d at 288, 695 N.E. 2d 505.

4

>possession shall end on the date stated in such notice, whereupon the right of Tenant to possession of the Premises or any part thereof shall cease on the date stated in such notice, but Tenant's obligations under their Lease shall continue in full force and effect.
>(c) Landlord may enforce the provisions of this Lease and may enforce and protect the rights of Landlord hereunder by a suit or suits in equity or at law for the specific performance of any covenant or agreement contained herein, or for the enforcement of any other appropriate legal or equitable remedy, including injunctive relief and recovery of all moneys due or to become due from Tenant under any of the provisions of the Lease.

(Compl. Ex. A at 20, ¶ 21.02.) Garland claims that it is proceeding under remedy (b), which it has a contractual right to do under the lease. Moreover, Garland argues that remedy (a) was dealt with in *St. George*, where the court stated specifically that Section 21.06 was applicable when "the landlord has *terminated* the lease following the tenant's abandonment of the premises." *Id.* at 291, 695 N.E. 2d at 508 (emphasis added). Garland also argues that *St. George* stands only for the proposition that if it wished to forego proof of mitigation, it could have proceeded under the acceleration clause contained in Section 21.06, not that Garland was required to proceed under that clause.

Under federal notice pleading standards Garland was not required to specifically plead each and every theory involved in the *St. George* case. Nor was Garland required to plead causes of action or specific legal theories. *See Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992). Accordingly, the court will deny Syms's motion to dismiss Count I. All that is required is a short, plain statement giving Syms notice of the claim for relief, which this complaint provides.[3]

---

[3]In its reply brief Syms argues that Count I should be dismissed because it fails to give Syms notice of the contractual basis of Garland's claim. According to Syms, Garland did not claim that the default was based on Syms' "abandonment" of the premises. The complaint, however, makes numerous references to Syms abandoning the
(continued...)

5

## B. Failure to Plead Mitigation of Damages

Syms also argues that the first amended complaint should be dismissed because it fails to plead that Garland made a reasonable attempt to mitigate damages. In response, Garland argues that mitigation was pled in the complaint, or alternatively, that it is not a required element of the complaint under the federal rules.

The court need not decide whether mitigation was required to be pled because it so clearly was. According to the first amended complaint, "Garland has performed all conditions of the lease which it was to perform." (Am. Compl. ¶ 9.) The lease itself states that Garland was to use "reasonable efforts to relet the Premises." (Compl. Ex. A., § 21.05.) The statement that Garland performed what the lease required constitutes the short and plain statement giving Syms notice that Garland had fulfilled all requirements of the lease.

## C. Declaratory Judgment

Count II seeks a declaration, pursuant to 28 U.S.C. § 2201, (1) that the lease is in full force and effect; (2) that Syms is obligated to pay all amounts under the remaining term of the lease, including, but not limited to, monthly rent and taxes, subject to mitigation; (3) awarding Garland its costs and reasonable attorneys' fees; and (4) awarding any such further and additional relief as the court deems just and appropriate. Syms argues that Count II should be dismissed because it calls for the court to issue an advisory opinion on future events. According to Syms,

---

[3](...continued)
property, and the court is unaware of how much more notice Syms seeks. (*See* Compl. ¶¶ 1, 10, 11, 14, 16.) Syms also argues that "abandonment" is specifically defined as occurring 280 days after Syms ceased conducting ordinary business upon the premises, and that only 155 days passed from September 2002 when the store closed until this lawsuit was filed in February 5, 2003. This potentially problematic factual issue, however, is best left to be resolved on a motion for summary judgment.

6

the court has no way of ascertaining whether Garland will fulfill its duty to mitigate damages and, if so, what the amounts earned in mitigation will be. Syms maintains that any amounts it might have to pay following the declaration would be "future, contingent and uncertain" and, therefore, premature.

Garland, in response, argues that Count II seeks only a declaration of contract rights. Garland maintains that all its seeks is a declaration that the lease is in full force and effect and that Syms's obligations continue for the term of the lease subject to Garland's mitigation requirements. Garland claims that this is merely a declaration of rights and not an advisory opinion.

Under the Declaratory Judgment Act, which applies in this diversity action, *see Illinois ex. rel. Barra v. Archer Daniels Midland Co.*, 704 F.2d 935, 939 (7th Cir. 1983), a federal court is authorized to "declare rights and other legal relationships of any interested parties . . . whether or not further relief is or could be sought." 28 U.S.C. § 2201. The purpose of the Act is to "enable parties to understand their rights and to avoid accruing avoidable damages." *Household Fin. Servs., Inc. v. Northern Trade Mortgage Corp.*, No. 99 C 2840, 1999 WL 782072, at *2 (N.D. Ill. Sept. 27, 1999), citing *Nucor Corp. v. Aceros y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 577 (7th Cir. 1994). As the court in *Household Fin.* noted, "[a] request to construe the language of a contract to apprise the parties of their legal rights falls within the scope of the Federal Declaratory Judgment Act." *Household Fin. Servs. Inc.*, 1999 WL 782072, at *2; *see also Lyons Sav. & Loan Ass'n v. Geode Co.*, 641 F. Supp. 1313, 1319 (N.D. Ill. 1986) ("A suit under the Declaratory Judgment Act is appropriate for a contracting party seeking resolution of actual disputes regarding the interpretation of that contract.").

7

In *Household Fin.*, the court noted that the plaintiff's claim was not a request for the court to clarify the parties' rights under the agreement but instead was a request for a "judicial declaration that defendant breached the agreement." 1999 WL 782072, at *3. The court went on to dismiss the claim because it "incorrectly couches a breach of contract action as a request for a declaratory judgment." *Id.*

Here, despite Syms's arguments to the contrary, Garland's claim for a declaratory judgment neither seeks an advisory opinion nor is a thinly disguised action for breach of contract. All Garland seeks in this claim is a declaration that the lease entered into between the parties is in full force and effect and Syms's obligations under the lease continue for the term of the lease. The declaration would not state that Syms is in breach of the contract, only that the contract is still in effect. Nor would any such declaratory judgment award damages to Garland, thus negating any fears that the court will be unable to ascertain whether Syms has fulfilled its duty to mitigate damages. Indeed, Syms argument that "any amounts that Syms might have to pay following the requested declaration are 'future, contingent and uncertain'" is without merit because the court will not be addressing any monetary amount on the Count II claim but will only be declaring whether the lease is still in full force and effect, presumably so that Garland could file suit under Section 21.04 of the lease.[4] Because it is within the court's powers to construe the

---

[4]Section 21.04 of the Lease provides

If Landlord terminates the right of Tenant to possession of the Premises without terminating this Lease, such termination of possession shall not release Tenant, in whole or in part, from Tenant's obligation to pay the Rent hereunder for the full stated Term, and the aggregate amount of the Rent for the period from the date stated in the notice terminating possession to the end of the stated Term shall, at Landlord's option, at once mature and be immediately due and payable by Tenant to Landlord (as described in Section 21.06), together with any other amounts due hereunder, and Landlord shall have the right, from time to time, to recover from Tenant, and Tenant shall remain

(continued...)

8

language of the contract to apprise the parties of their rights, the court denies Syms's motion to dismiss the Count II claim.

## CONCLUSION

For the reasons stated above, the court denies Syms's motion to dismiss [#8]. Syms is directed to answer the first amended complaint by September 22, 2003. A scheduling conference will be held on October 20, 2003 at 9:30 a.m. In the meantime, the parties are directed to meet in an effort to resolve this case short of trial.

Enter: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Date: August 28, 2003

---

[4](...continued)
liable for, all Rent and any other sums then due under this Lease and thereafter accruing as they become due under this Lease during the period from the date of such notice of termination of possession to the end of the Term. Landlord may file suit from time to time to recover any such sums and no suit or recovery by Landlord of any such sums or portion thereof shall be a defense to any subsequent suit brought for any other sums due under this Lease